UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE M. TORRES,

    Plaintiff,                               Civil Action No. 07-11941

v.                                                   HON. PAUL D. BORMAN
                                                    U.S. District Judge
                                                    HON. R. STEVEN WHALEN

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

      Before the Court is Defendant's December 3, 2007 *Motion to Remand* [Docket #5] pursuant to sentence six of section 205(g) of the Social Security Act, 42 U.S.C. §405(g). This matter has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that Defendant's Motion be GRANTED, remanding this matter consistent with the sixth sentence of §405(g), and directing a reconstruction of the administrative record, including a rehearing and administrative decision if the Agency is unable to locate either the September 22, 2006 decision. However, because this motion was filed approximately six months ago, Defendant's request for 90 days to locate the file before reconstruction begins should be modified to within 30 days of the District Court's order.

## BACKGROUND

On May 3, 2007, Plaintiff filed suit in this Court, seeking judicial review of a September 22, 2006 administrative decision. On December 3, 2007, Defendant filed the present motion for a "sentence six" remand to the Agency on the basis that it was unable to locate the Administrative Law Judge's decision or the recording of the administrative hearing, held on December 6, 2005. *Docket #5* at 1. Plaintiff has not filed a response.

## APPLICABLE LAW AND ANALYSIS

Sentence six of 42 U.S.C. § 405(g) states in pertinent part that the court "may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action."

> "'Sentence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency.'"

*Marshall v. Commissioner of Social Sec.*, 444 F.3d 837, 841 (6th Cir. 2006)(*citing Shalala v. Schaefer,* 509 U.S. 292, 297 n. 2, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). As in *Marshall*, this case falls in the former category.

Further, in contrast to remands granted under sentence four of §405(g) resulting in "'the immediate entry of judgment (and relinquishment of jurisdiction) by the District Court,'" in a sentence six remand "'judgment is not entered (and the District Court retains jurisdiction) until post-remand agency proceedings are complete.'" *Marshall*, at 841 (*citing*

*Johnson v. Gonzales,* 416 F.3d 205, 209 (3d Cir.2005)). "Examples of situations which constitute 'good cause' in support of the Commissioner's motion for a sentence six remand include those situations where the tape recording of the oral administrative hearing is lost, inaudible, or otherwise incapable of transcription." *Rankhorn v. Astrue,* 2007 WL 781876, *1 (E.D.Tenn. 2007); *Farstad v. Barnhart,* 2004 WL 1175701, * 1 (D.N.D. May 25, 2004). *See also Marshall, supra,* 444 F.3d at 839.

Defendant's statement that both the administrative decision and recording of the hearing have been misplaced constitutes good cause. Accordingly, I recommend the remand of this matter consistent with the sixth sentence of §405(g), directing a reconstruction of the administrative record, including a rehearing and administrative decision if the Agency is unable to locate either the September 22, 2006 decision or recording of the administrative hearing within 30 days of the District Court's order.

## **CONCLUSION**

For these reasons, I recommend that Defendant's motion be GRANTED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with

specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: June 5, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 5, 2008.

s/Susan Jefferson
Case Manager